# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br><br>            Plaintiff,<br><br>v.<br><br>John F. Sherman, and TCI, Inc.,<br><br>            Defendants. | Case No. 16-cv-03114-SRN-HB<br><br>**MEMORANDUM OPINION AND ORDER** |

William Z. Pentelovitch, Keiko L. Sugisaka, and Melissa R. Muro LaMere, Maslon LLP, 90 South Seventh Street, Suite 3300, Minneapolis, Minnesota 55402, for Plaintiff.

David M. Wilk, Caryn A. Boisen, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, John R. Cernelich, Calfee Halter & Griswold LLP, 1405 East Sixth Street, Cleveland, Ohio 44114, and Laurel J. Pugh, Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Valspar Corporation's Motion to Remand [Doc. No. 4], brought pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants the motion and remands this case to Hennepin County District Court.

## II.   BACKGROUND

The facts relevant to the Court's disposition of this motion may be briefly stated. Plaintiff Valspar Corporation ("Valspar") brought suit in Minnesota state court, specifically Hennepin County District Court, against its former employee, John Sherman, and his new employer, TCI, Inc. ("TCI").  Valspar alleges that after leaving Valspar for TCI, Sherman has engaged in activities that violate the non-compete and non-solicitation provisions of his employment agreement.  (Sugisaka Decl. [Doc. No. 6], Ex. A, at 2.)[1]  Valspar further alleges that TCI has tortiously interfered with Sherman's employment agreement with Valspar ("the Agreement") by, among other things, knowingly placing him in a position that violated the terms of that Agreement.  (*Id.* at 20.)

Valspar served its Complaint on both Defendants on September 14, 2016, along with an accompanying motion for a temporary restraining order.  (*See* Sugisaka Decl., Exs. B and C.)  Before the Minnesota state court could address that motion, however, TCI filed a Notice of Removal with this Court on September 16, 2016.  (*See* Notice of Removal [Doc. No. 1].)  TCI's filing indicated that Sherman had consented to the removal, as required by 28 U.S.C. § 1446(b)(2)(A), although formal notification of that consent was not given to this Court until September 23, 2016.  (*See* Notice by John F. Sherman of Consent to Removal [Doc. No. 15].).

Upon receipt of the Notice of Removal, Valspar promptly moved to remand, arguing that a forum selection clause found in the Agreement prohibits removal of the underlying

---

[1] All references to page numbers are those assigned by the CM/ECF system.

action, making Sherman's purported consent to removal ineffective for purposes of 28 U.S.C. § 1446. (*See* Mem. in Supp. of Expedited Mot. to Remand [Doc. No. 5] ("Pl.'s Mem.") at 2.) The pertinent language of the Agreement is found at Section 8, and is reproduced in full here:

> Venue and Personal Jurisdiction. Any dispute between the parties arising out of or in any way related to this Agreement shall be adjudicated only in the state court located in Hennepin County, Minnesota, and I consent to the state court located in Hennepin County, Minnesota, as the exclusive venue for resolving such disputes. Further, by signing this Agreement, I agree and consent that the Minnesota state courts may exercise personal jurisdiction over me in any enforcement action brought by Valspar and agree to waive any rights I may otherwise have to challenge such court's exercise of personal jurisdiction.

(Sugisaka Decl., Ex. A at 26.)

TCI's response to Valspar's Motion encompasses two main arguments, both discussed in detail below. First, TCI contends that the Agreement's forum selection clause is insufficient to constitute a "clear and unequivocal" waiver of the right to remove as required by controlling case law, and thus is ineffective to prevent Sherman's consent to removal. (*See* Def.'s Mem. in Opp. to Pl.'s Expedited Motion to Remand [Doc. No. 18] ("Def.'s Mem. in Opp.") at 1-2.) Second, TCI argues that even if Sherman did waive his right to remove, that waiver should not prevent TCI—a non-party to the Agreement—from removing the entire action anyway. (*Id.* at 1, 8-9.)

### III. DISCUSSION

28 U.S.C. § 1441 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there

originally. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). In turn, the plaintiff may move to have the case remanded if subject matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). Courts to have considered the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand. *See, e.g.*, *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988). These decisions reflect the strong presumption—repeatedly emphasized by the Supreme Court—in favor of finding forum selection clauses valid and enforceable. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 583 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Where, as here, there is no allegation of fraud or overreaching in procurement of the forum selection clause, the only issue the Court need consider is whether the language of the clause acts as a waiver of the right to remove the case to federal court. *See Babe Winkelman Prods., Inc. v. Sports Design and Dev., Inc.*, No. Civ. 05-2971 DWF/RLE, 2006 WL 980821, at *2 (D. Minn. Apr. 7, 2006).

Courts differ regarding the level of specificity that the forum selection clause must show before removal is foreclosed. *See* James Wm. Moore et al., Moore's Federal Practice

¶ 107.130[2] (3d ed. 2016).  The Eighth Circuit has adopted the stricter of the two prevailing standards, requiring that any contractual waiver of the right to remove must be "clear and unequivocal."  *See Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

Unfortunately, to date, the Eighth Circuit has provided only two narrow guideposts to aid district courts in determining where the bounds of that standard lie.  In *Weltman*, the court declared that an agreement that venue would be proper in state court did not constitute a waiver of the right to remove because it did not "address removal."  879 F.2d at 427.  As several district courts have noted, however, because the Eighth Circuit did not provide the language of the clause it was interpreting, the *Weltman* opinion is of limited value.  *See, e.g.*, *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 927 (D.S.D. 2013); *Babe Winkelman Prods.*, 2006 WL 980821, at *2.  The other relevant Eighth Circuit case is *iNet Directories, LLC v. Developershed, Inc.*, a brief, per curiam decision.  There, the court determined that a forum selection clause providing that the parties "irrevocably waive[d] any and all objections . . . to the laying of venue . . . in any such federal or state court in the State of Missouri" constituted a waiver of the right to remove a case first filed in Missouri state court.  394 F.3d at 1081-82.  In so holding, the court emphasized that the parties had "waived any objections to the laying of venue in any court in Missouri."  *Id.* at 1082.  Removing the case to federal court was, in the court's opinion, just the sort of "objection" to venue that the clause unambiguously prohibited.  *Id.*

Comparing these two cases, several district courts have broadly concluded that they "stand for the proposition that a simple agreement that venue is proper in a particular

5

court is not a 'clear and unequivocal' waiver of the right to remove, but a waiver of the right to object to venue does constitute a 'clear and unequivocal' waiver of the right to remove." *Push Pedal Pull*, 971 F. Supp. 2d at 928 (citing *Mihlfeld & Assocs., Inc. v. Glock, Inc.*, No. 05-3085-CV-S, 2005 WL 1009579, at *2 (W.D. Mo. Apr. 27, 2005)) (quotation omitted); *see also OHM Hotel Group, LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1705 CAS, 2016 WL 427959, at *5 (E.D. Mo. Feb. 4, 2016). This guidance is limited, however, and does not provide a full framework for analyzing the language of a forum selection clause. In recognition of this fact, courts in this circuit have looked to the decisions of other circuits that apply the "clear and unequivocal" test for further guidance. *See, e.g.*, *OHM Hotel Group*, 2016 WL 427959, at * 7; *Push Pedal Pull*, 971 F. Supp. 2d at 928. Of particular note, the Fifth Circuit has concluded that a forum selection clause satisfies the "clear and unequivocal" requirement if it (1) explicitly states that a party waives the right to remove; (2) grants the other party the right to choose the venue; or (3) establishes an exclusive venue within the contract. *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

Applying these factors to the present case, it is clear that the forum selection clause contained in the Agreement meets the requirements of the third prong. Specifically, the Agreement's forum selection clause provides that "[*a*]*ny* dispute between the parties . . . *shall* be adjudicated *only* in the *state* court located in Hennepin County, Minnesota," and that Hennepin County will be the "*exclusive* venue for resolving such disputes." (Sugisaka Decl., Ex. A at 26. (emphasis added)) This combination of mandatory language and

exclusive jurisdiction plainly indicates the intention of the parties to limit venue to Minnesota state court, to the exclusion of all other possibilities. *See Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 319 (5th Cir. 2006) ("[S]ubmission to the exclusive jurisdiction of one set of courts necessarily excludes venue in all other courts."); *see also OHM Hotel Group*, 2016 WL 427959, at *7; *Push Pedal Pull*, 971 F.2d at 928; *Magness Oil Co. v. Piedmont Fields, LLC*, No. 3:11-CV-03104, 2012 WL 1884902 (W.D. Ark. May 23, 2012). To conclude otherwise would be to eviscerate the terms of the contract and the clear intention of the parties.

TCI valiantly contends, however, that not only is such a conclusion insufficiently protective of parties such as Sherman, but that it seriously misreads Eighth Circuit law as set down by *Weltman* and *iNet Directories*. By its reading, *Weltman*'s passing mention of the fact that the forum selection clause at issue in that case "did not address removal" means that any clause that does not do so explicitly can never meet the "clear and unequivocal" standard.[2] (*See* Def.'s Mem. in Opp. at 3-4.) Likewise, TCI contends that *iNet* stands for the proposition that a forum selection clause must contain an affirmative waiver of the right to contest or object to venue before it will bar the statutory right of removal. (*See id.* at 5, 6-7.)

Such a reading of *Weltman* and *iNet Directories* would effectively eliminate the second two of the three *New Orleans* factors used by the Fifth Circuit, leaving only clauses

---

[2] TCI does not address the fact that this reading of *Weltman* would seemingly exclude the forum selection clause in *iNet Directories*, which at no point explicitly discussed the issue of removal. *See* 394 F.3d at 1081.

that literally include the words "waive" and "removal" as "clear and unequivocal" in this circuit.  This Court doubts that the Eighth Circuit would employ such a formalistic, "magic words" approach to deciding important issues of contract interpretation and jurisdiction— especially when doing so would place it far apart from the settled approach of other circuits.[3]  *Cf.* Moore et al., *supra*, at ¶ 107.130[2] ("Under [the clear and unequivocal standard], it is not necessary that the clause include explicit words such as 'waiver of right of removal.'  However, the clause must contain language mandating a particular forum as the exclusive forum for resolution of any dispute between the parties."); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 444-45 (5th Cir. 2009) (rejecting argument that waiver of right to remove requires "actual reference to 'waiver' and 'removal'").

Notably, the Court is not alone in concluding as much.  Over the last several years, a number of districts in the Eighth Circuit have been faced with forum selection clauses that are nearly identical in their terms to those found in the Agreement.  *See, e.g.*, *OHM Hotel Group*, 2016 WL 427959, at * 2 (forum selection clause designating the Circuit Court for St. Louis County, Missouri as the "sole and exclusive venue" for litigation resulting from

---

[3] In deciding to reject a similar "magic words" argument in *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (5th Cir. 2009), the Fifth Circuit appended to the opinion an exchange from oral argument that illustrates the potential for absurdity that such an approach entails:

> "Q: Well, suppose you had a contract that said: 'And we agree that there shall be no litigation in this matter that shall occur anywhere else, ever, anywhere else, except in the state courts of Dallas County'?
>
> A: I don't think that would suffice, your Honor. . . . [T]he problem is, it doesn't call the parties' attention to what they are doing."

agreement); *Push Pedal Pull*, 971 F. Supp. 2d at 928 (forum selection clause providing that "the state court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any dispute relating to this Agreement"); *Magness Oil*, 2012 WL 1884902, at *2 (forum selection clause mandating that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas"); *Babe Winkelman Prods.*, 2006 WL 980821, at *1 (forum selection clause providing that any litigation "shall be brought in the District Court in the County of Crow Wing, State of Minnesota"). In every one of these cases, the considering court concluded that the language used by the parties was sufficiently "clear and unequivocal" to meet the requirements of *Weltman* and *iNet Directories*, even absent explicit mention of waiver of the right to removal. *See, e.g.*, *OHM Hotel Group*, 2016 WL 427959, at 7 ("While the mandatory forum selection clause here does not contain language explicitly waiving the right to object to venue or to remove, the Court concludes it is a sufficiently clear and unequivocal expression of the parties' intent to restrict all litigation between them to the Circuit Court of St. Louis County, Missouri, to operate as such a waiver.").

In concluding as much here, the Court is particularly mindful that to arrive at the position advocated by TCI would be to render the express terms of the Agreement—terms for which Sherman bargained, and in return for which he received valuable consideration—essentially meaningless. Such a result would be unjust to Valspar and not in keeping with the clear expectations of the parties. Put simply, it is not reasonable to conclude that contract language making Hennepin County District Court the "only" and "exclusive"

venue for disputes relating to the Agreement means no more than "the exclusive venue until this case is removed to federal court." The Court will not unnecessarily strain the plain language of the Agreement to reach that interpretation here.

One last issue remains to be briefly addressed. TCI argues that even if the Court concludes that Sherman waived his right to consent to removal of this case to federal court, that waiver should not preclude TCI from removing the entire action. (Def.'s Mem. in Opp. at 8.) Under the "rule of unanimity," however, it is well established that, except in a few limited circumstances not present here,[4] all defendants in a multi-defendant case must consent to removal, or the case will be remanded. *See Marano Enter. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 n.2 (8th Cir. 2001) (citing *Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900); *Bradley v. Md. Cas., Co.*, 382 F.2d 415, 419 (8th Cir. 1967)); *see also Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) ("[T]he failure of one defendant to consent renders the removal defective . . . ."). Although the Eighth Circuit has not had cause to decide the issue, other courts have universally found that a valid forum selection clause contractually barring one defendant from consenting to removal prevents removal by any defendant. *See, e.g.*, *Consol. Energy Inc. v. Berkshire Hathaway, Inc.*, 252 F. App'x 481, 483 (3d Cir. 2007); *Push Pedal Pull*, 971 F. Supp. 2d at

---

[4] The three recognized exceptions to the rule of unanimity are: (1) when a co-defendant has not been served at the time the removal petition is filed; (2) when a co-defendant is only a "nominal" defendant; and (3) when the removed claim is separate and independent under 28 U.S.C. § 1441(c). *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998).

928-29; *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008).

This Court sees no compelling reason to break from this settled and sensible approach.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand [Doc. No. 4] is **GRANTED**; and

2. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of Hennepin County District Court, pursuant to 28 U.S.C. § 1447(c).

Dated: September 28, 2016        s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge